UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

| | | |
|---|---|---|
| ISRAEL PEREZ, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 14-38-HRW |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL SEPANEK, WARDEN, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |
| | ) | |

\*\*\*\*　\*\*\*\*　\*\*\*\*　\*\*\*\*

Israel Perez is an inmate confined in the Federal Correctional Institution located in Ashland, Kentucky. Perez has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his 1997 federal drug conviction from the United States District Court for the Southern District of New York. [D. E. No. 1] Perez has paid the $5.00 filing fee. [*Id.*]

The Court reviews the § 2241 petition to determine whether, based on the face of the petition and any exhibits attached thereto, Perez is entitled to relief. *See* Rule 4, Rules Governing 28 U.S.C. § 2254 Cases; (applicable to § 2241 petitions under Rule 1(b)). *See, e.g., Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979); *see also* 28 U.S.C. § 2243. A district court may summarily dismiss a petition if it appears from its face that the petitioner is not entitled to relief. *See* 28

U.S.C. § 2243; *Blevins v. Lamanna*, 23 F. App'x 216, 218 (6th Cir. 2001); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

The Court has reviewed Perez's habeas petition and attached memorandum, but determines that it must deny the petition because Perez cannot not pursue his claims under 28 U.S.C. § 2241.

## PEREZ'S CRIMINAL HISTORY
### 1. New York Drug Conviction

In May 1990, Perez, Antonio Perrone, and Ramon Emilio Gomez were charged in a New York federal court with conspiracy to manufacture cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (846), and with possession of "listed chemicals" (acetone and ether) with intent to manufacture cocaine, in violation of 21 U.S.C. §§ 802(33), 802 (35), 812, 841(a), 841(d)(1), 841(d)(2) and 18 U.S.C. § 2. *United States v. Perrone, et al.*, No. 1: 90-CR-31-LLS-3 (S. D. N. Y. 2003)[1]

A jury convicted Gomez and Perrone of conspiracy to manufacture cocaine and of possession of listed chemicals with intent to manufacture cocaine; they were sentenced respectively to 126 and 140 months' incarceration; and they appealed. On June 13, 1991, the Second Circuit affirmed their convictions in part, reversed in part, and remanded, holding that Gomez's conviction for conspiracy to manufacture cocaine under § 841(a) was not supported by the evidence, and that

---

[1] Because Perez's New York criminal proceeding predated the advent of the PACER electronic database, the Court is unable to electronically access the documents filed in that proceeding, but the Court is able to electronically view the docket sheet of that proceeding.

while Perrone's conviction of possessing listed chemicals with the requisite intent was proper, his conviction for conspiracy to manufacture cocaine under § 841(a) was also not supported by sufficient evidence.[2] *United States v. Perrone*, 936 F.2d 1403, 1405 (2d Cir. 1991)

In January 1997, Perez pleaded guilty to Count 2 (conspiracy to manufacture cocaine), and the government dismissed the other counts against him. On May 11, 1997, the district court sentenced Perez to a 27-month prison term, which was to run concurrently with a prior sentence imposed on him by the federal court in Puerto Rico. [R. 8, therein ("the New York Sentence")] The New York Sentence was to terminate after the expiration of 27 months, or the date on which Perez completed service of his prior Puerto Rico federal sentence, whichever event occurred first. [*Id.*] According to the docket sheet from Perez's New York

---

[2] The Second Circuit held that there must be "additional evidence to support a conviction of the additional offense, beyond the minimum necessary to sustain a conviction under § 841(d). As far as this defendant was concerned, there was not." *Perrone*, 936 F.2d at 1415.

The Government petitioned for a rehearing as to the court's treatment of Perrone's conviction of conspiracy to manufacture narcotics pursuant to 21 U.S.C. §§ 841(a) and 846. The petition was granted, and on November 6, 1991, the Second Circuit clarified that the subsequent enactment of the section of 21 U.S.C. § 841(d), prohibiting the possession of certain listed "precursor chemicals" with intent to manufacture controlled substance, or with knowledge that chemicals would be used for that purpose, did not operate as a partial repeal of 21 U.S.C. § 841(a), which prohibits the manufacture of narcotics, nor did it preclude prosecution under both provisions. *United States v. Perrone*, 949 F.2d 36 (2d Cir. 1991) The court explained that "...the reason for enactment of § 841(d) was to provide for the successful prosecution of certain behavior which could not be reached through § 841(a). Our holding is that in this case Perrone was proven guilty of violating § 841(d), but not § 841(a)." *United States v. Peronne*, 949 F.2d 36, 38 (2d Cir. 1991).

criminal case, Perez neither appealed the New York Sentence nor filed a motion under 28 U.S.C. § 2255 asking that it be vacated or set aside.

## 2. Florida Drug Conviction

In February 2001, Perez was indicted in Miami, Florida, and charged with committing federal drug offenses. *United States v. Perez*, No. 1:01-CR0139-ASG-6 (S.D. Fla. 2001). Perez eventually pleaded guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine, and on October 9, 2002, he was sentenced to a 360-month prison term and a 10-year supervised release term. [R. 169, therein ("the Florida Sentence")]

Perez did not appeal the Florida Sentence, but he filed two unsuccessful motions seeking to vacate or set it aside pursuant to 28 U.S.C. § 2255. In March 2004, Perez filed his first § 2255 motion challenging the Florida Sentence. *Perez v. United States*, No. 1:04-CV-20485-SH (S.D. Fla. 2004) In October 2004, the Magistrate Judge's recommended that the motion be denied untimely under 28 U.S.C. § 2255(f) [D. E. No. 17, therein], and on January 31, 2005, the district court adopted that recommendation and denied Perez's § 2255 motion. [D. E. No. 23, therein] Perez did not appeal that ruling.

In February 2008, Perez filed his second § 2255 motion challenging the Florida Sentence. *Perez v. United States*, No. 1:08-CV-20309-SH (S.D. Fla. 2008)

On April 18, 2008, the district court denied the motion as a second, unauthorized § 2255 motion for which Perez had not obtained permission from the Eleventh Circuit Court of Appeals under 28 U.S.C. § 2244(b)(3). [D. E. No. 2, therein] Perez did not appeal that ruling.

## CLAIMS ASSERTED IN THE § 2241 PETITION

In his § 2241 petition, Perez did not mention or otherwise refer to the Florida Sentence. Perez discussed only his New York conviction, alleging that because the Second Circuit Court of Appeals reversed the drug conspiracy convictions of his co-defendants in June 1991, his New York conviction is no longer valid. Perez contends that because the convictions of Perrone and Gomez were reversed on appeal for insufficient evidence, "It is a legal impossibility for the petitioner to have conspired with himself, and as a consequence thereof his continued incarceration for this crime is illegal." [D. E. No. 1, p. 2] Perez further contends that during his New York criminal proceeding, he received ineffective assistance of counsel in violation of his Sixth Amendment rights. Perez seeks an order setting the New York Sentence aside and expunging that conviction from his record.

## DISCUSSION

In his habeas petition, Perez does not allege that he is currently serving the New York Sentence, nor does he allege that the BOP aggregated the New York

5

Sentence with the Florida Sentence for purposes of calculating the amount of time he must serve in federal custody. According to the BOP's official website, Perez's projected release date is June 9, 2029. *See* http://www.bop.gov/inmateloc/ (last visited on March 14, 2014). Given that fact, and the chronology of Perez's criminal convictions set forth above, the Court concludes that Perez is currently serving the Florida Sentence--which was imposed in October 2002 and runs for a term of 360 months--*not* the New York Sentence, which was imposed in May 1997 and ran for a term of only 27 months. Lacking other relevant information, it is logical to assume that Perez would have long ago served the New York Sentence, and that the New York Sentence has expired.

Assuming that is the case, Perez is not "in custody" for his New York conviction which he is collaterally challenging in this proceeding, and this Court lacks subject matter jurisdiction to consider his petition. The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3).

A prisoner need not be physically confined in jail or prison to challenge his conviction or sentence in a habeas corpus proceeding. *See Mabry v. Johnson*, 467 U.S. 504, 506 n.3 (1984) (prisoner's § 2254 action was not moot even though he

6

had been paroled) (citing *Jones v. Cunningham*, 371 U.S. 236 (1963)); *see also Garlotte v. Fordice*, 515 U.S. 39, 45–47 (1995) (prisoner serving consecutive sentences is in custody for various aggregated sentences, and may attack the sentence scheduled to run first, even after it has expired, until all consecutive sentences have been served). The United States Supreme Court has "never held however, that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has fully expired at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 91 (1989). "The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Id.* at 491 (quoting 28 U.S.C. § 2241(c)(3)).

Once a sentence for a conviction has fully expired, a habeas petitioner is no longer "in custody" for that offense and cannot bring a habeas petition directed solely at that conviction. *Lackawanna Cty. Dist. Att'y v. Coss*, 532 U.S. 394, 401 (2001); *Maleng*, 490 U.S. at 490–91; *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968); *see also Lee v. Michigan*, No. 13-CV-15004, 2014 WL 128525, at *2 (E.D. Mich. Jan. 14, 2014) (denying habeas relief to § 2241 petitioner who had fully served her sentence); *Noel v. Easterling*, No. 10-2295-STA/cgc, 2011 WL 145293, at **1-2 (W.D. Tenn. Jan. 18, 2011) (district court could not grant habeas relief to

a § 2241 petitioner who was challenging his eleven-month 2002 conviction which expired in 2003, despite the fact that when he filed his petition, he was then in custody serving a 23-year sentence resulting from a subsequent 2005 conviction for attempted first degree murder, aggravated assault, retaliation for past action, unlawful possession of a weapon, and driving on a revoked license). Accordingly, under *Maleng* and the other cases cited above, Perez is not "in custody" for New York conviction which he is now challenging, and this Court does not have subject matter to consider his habeas petition.

Alternatively, even assuming that the BOP has aggregated the New York Sentence and the Florida Sentence, or that under some other undisclosed scenario Perez *is* in fact in the BOP's custody pursuant to the New York Sentence, Perez still cannot obtain relief from this Court under § 2241. Perez is not challenging the execution of his New York Sentence, such as the computation of sentence credits or parole eligibility, issues which fall under the ambit of § 2241. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). Instead, Perez essentially challenges the constitutionality of that underlying conviction and sentence on Fifth and Sixth Amendment grounds. Perez alleges that the Second Circuit's 1991 reversal of his two co-defendants' conviction for the drug conspiracy relieves him of criminal liability of the same drug conspiracy to which he subsequently pleaded guilty in

1997, and that his appellate counsel rendered constitutionally defective representation during his New York criminal proceeding. Section § 2241 is not, however, the proper mechanism for asserting such challenges: 28 U.S.C. § 2255(a) provides the primary avenue of relief for federal prisoners seeking relief from an unlawful conviction or sentence, *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009), and is the mechanism for collaterally challenging errors that occurred "at or prior to sentencing." *Eaves v. United States*, 4:10-CV-36, 2010 WL 3283018, at *6 (E.D. Tenn. Aug. 17, 2010).

Section 2255(e) provides a narrow exception to this rule, and permits a prisoner to challenge the legality of his conviction through a § 2241 petition, where his remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. This exception does not apply where the petitioner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, or where he did assert his claim in a prior post-conviction motion under § 2255, but was denied relief. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002).

Perez now asserts that the *Perrone* decision rendered in June 1991 affords him retroactive relief from his drug conspiracy conviction, but Perez ignores the fact that he could have raised this very claim when he pleaded guilty to the drug

9

conspiracy offense six years later, in January 1997. Perez also could have challenged this aspect of the New York Sentence by filing a 2255 motion in the Southern District New York, but he did not do so. In essence, Perez is asserting a claim of which he was aware, or should have been aware, when he pleaded guilty in January 1997. The remedy under § 2255 is not inadequate where a petitioner asserted a legal argument in a § 2255 motion but was denied relief on the claim. *Charles*, 180 F.3d at 756-58. Section 2241 is not an additional, alternative, or supplemental remedy to the one provided in § 2255. *Id.*, at 758.

A prisoner proceeding under § 2241 can use the savings clause of § 2255 if he alleges "actual innocence," *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003); *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003). An actual innocence claim can arise only where, after the prisoner's conviction became final, the Supreme Court re-interprets the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute. *See Barnes v. United States*, 102 F. App'x 441, 443 (6th Cir. 2004) ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241."); *Lott v. Davis*, 105 F. App'x 13, 14-15 (6th Cir. 2004).

To make this showing, the movant must allege a new rule of law made retroactive by a Supreme Court case, such as the claim raised in *Bailey v. United States*, 516 U.S. 137 (1995). *Townsend v. Davis*, 83 F. App'x 728 (6th Cir. 2003); *United States v. Peterman*, 249 F.3d. 458, 461 (6th Cir. 2001). Perez does not, however, point to any retroactively applicable Supreme Court decision which would afford him relief from his New York conviction. Again, the *Perrone* decision which Perez cites was Second Circuit decision, not a Supreme Court decision, and as noted, that decision was rendered in June 1991, five and one-half years **before** Perez pleaded guilty in 1997 to conspiracy to manufacture cocaine.

Thus, Perez has not alleged a claim of actual innocence as to his New York conviction. Because Perez alleges that he was denied effective assistance of counsel in his New York criminal proceeding, and because of his *pro se* status, the Court will briefly note two cases, *Missouri v. Frye*, ___U.S.___, 132 S.Ct. 1399 (2012), and *Lafler v. Cooper*, ___ U.S. ___, 132 S.Ct. 1376 (2012), which discuss when a defendant may assert certain types of claims alleging ineffective assistance of counsel.[3] Neither of these cases assist Perez, because even assuming Perez was

---

[3] In *Frye*, the Supreme Court held that defense counsel has a duty to communicate formal offers from the prosecution to accept a plea on terms that may be favorable to the accused, prior to the offer's expiration, and that defense counsel's failure to inform a defendant of a written plea offer before it expired satisfies the deficient performance prong of the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1986). In *Lafler*, the defendant went to trial rather than accept a plea deal as a result of ineffective assistance of counsel during the plea negotiation

11

denied effective assistance of counsel during his New York criminal case, these cases do not announce a new constitutional rule, and therefore do not apply retroactively to cases on collateral review. *See In re Liddell*, 722 F.3d 737, 738 (6th Cir. 2013); *Buenrostro v. United States*, 697 F.3d 1137, 1140 (9th Cir. 2012); *In re King*, 697 F.3d 1189 (5th Cir. 2012); *Hare v. United States*, 688 F.3d 878, 879 (7th Cir. 2012); *In re Graham*, 714 F.3d 1181, 1183 (10th Cir. April 23, 2013).

Finally, to the extent that Perez asks this Court to "expunge" the New York Sentence from his criminal record, the Court must deny that request. A court may invoke its expungement power only with respect to "illegal convictions, convictions under statutes later deemed unconstitutional, and convictions obtained through governmental misconduct." *United States v. Vertel*, No. 1:91-CR-162, 2006 WL 250672, at *2 (W.D. Mich. Jan. 31, 2006) (citing *United States v. Robinson*, 1996 WL 107129, at *2 (6th Cir. March 8, 1996)). In contrast, courts routinely deny requests to expunge valid convictions. *Id.* (citing *inter alia United States v. Smith*, 1998 WL 19174, at *1 (6th Cir. March 8, 1988) (no expunction of valid conviction for which defendant was subsequently pardoned)); *United States v. Janik*, 10 F.3d 470, 472 (7th Cir. 1993) (no expunction for soldier concerned about effects on future career of conviction overturned on Speedy Trial Act

---

process. *Lafler*, 132 S.Ct. at 1386. The defendant received a substantially more severe sentence at trial than he likely would have received by pleading guilty. *Id.*

grounds, where appellate court held that there existed constitutionally sufficient evidence to support the conviction).[1] Regardless of whether the New York Sentence has expired or whether Perez is currently serving the New York Sentence, he asserts no valid argument under § 2241 that the New York Sentence was unconstitutional. Therefore, the Court will not direct the BOP or any other entity to expunge the New York Sentence from Perez's criminal record.

In summary, Perez has not shown that his remedy under § 2255 was an inadequate and ineffective means of challenging his New York conviction, nor has he established a claim of actual innocence as to that conviction. Therefore, he is not entitled to proceed under § 2241, and the Court will deny his petition and dismiss this proceeding.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1. Israel Perez's 28 U.S.C. § 2241 petition for a writ of habeas corpus [D. E. No. 1] is **DENIED**;

---

[1] *See also United States v. Wiley*, 89 F.Supp.2d 909, 911 (S.D. Ohio 1999) (denying expungement of valid conviction despite the fact that defendant was depressed at the time of the offense, had been law-abiding since, and was experiencing significant hardship because of past conviction); *United States v. Gallas*, 771 F.Supp. 904, 909-10 (W.D. Tenn. 1991) (denying request for expungement of valid conviction and finding no extraordinary circumstances in argument that defendant had been law-abiding since the conviction and that his professional opportunities continued to be hurt by his past conviction); *Schwab v. Gallas*, 724 F.Supp. 509, 510-11 (N.D. Ohio 1989) (expunction of valid felony conviction not warranted by the fact that movant had fulfilled the requirements of the sentence and since led a law-abiding life).

2. The Court will enter an appropriate Judgment; and

3. This habeas proceeding is **DISMISSED** and **STRICKEN** from the Court's docket.

This April 1, 2014.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge